# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JAYKOB DANIELS,

        Plaintiff,

v.                                                              Case No. 8:23-cv-2903-JRK

LELAND C. DUDEK,
Acting Commissioner of Social
Security,[1]

        Defendant.

## OPINION AND ORDER[2]

### I.  Status

Jaykob Daniels ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision finding that although he was entitled to supplemental security income ("SSI") benefits as a child, upon continuing review after attainment of his eighteenth birthday, he no longer met the definition of disabled and therefore his benefits should cease. Plaintiff's

---

[1]  Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]  The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

alleged inability to work is the result of attention deficit disorder,[3] anxiety, sleep apnea, depression, and asthma. Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed February 15, 2024, at 143, 156, 505. Plaintiff (through his mother) protectively filed an application for continuing SSI on December 30, 2015, alleging a disability onset date of April 24, 2009.[4] Tr. at 473-81. The determination that Plaintiff was no longer entitled to SSI was made by the SSA initially, Tr. at 142-53, 154, 156, 157-62, and upon review by a state agency disability hearing officer, Tr. at 42-43, 155, 171-83, 184-90.

Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). Tr. at 43, 191. An ALJ convened two hearings and continued them so that Plaintiff could obtain representation and so that additional medical evidence could be obtained. Tr. at 94-116, 120-41, 225. On June 22, 2023, the ALJ held a third and final hearing, during which Plaintiff (represented by counsel), a vocational expert ("VE"), and Plaintiff's mother testified.[5] Tr. at 37-82. At the time of the hearing, Plaintiff was twenty-three (23) years old. Tr. at

---

[3] Attention deficit disorder (ADD) is an older term for the condition that is now diagnosed as attention-deficit/hyperactivity disorder (ADHD). See Difference Between ADD and ADHD, located at https://www.webmd.com/add-adhd/childhood-adhd/add-vs-adhd (last visited March 14, 2025).

[4] Although actually completed on January 5, 2016, Tr. at 473, the protective filing date is listed elsewhere in the administrative transcript as December 30, 2015, Tr. at 143.

[5] Plaintiff's mother and the VE testified via telephone. Tr. at 40.

42. On August 18, 2023, the ALJ issued a Decision finding Plaintiff's disability ended on September 7, 2018 and Plaintiff has not become disabled again since that date. See Tr. at 18-29.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 5-6 (Appeals Council exhibit list and order), 471-72 (cover letter and request for review). On October 19, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On December 19, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ failed to comply with Social Security Ruling ("SSR") 00-4P, that addresses how to handle a situation in which a VE's testimony conflicts with the Dictionary of Occupational Titles ("DOT"). Memorandum in Opposition to the Commissioner's Decision (Doc. No. 18; "Pl.'s Mem."), filed June 14, 2024, at 3 (some emphasis and capitalization omitted). On August 14, 2024, Defendant responded to Plaintiff's argument by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 22; "Def.'s Mem."). After a thorough review of the parties' arguments and the record, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). In a case involving redetermining disability at age eighteen, the first step does not apply. See 20 C.F.R. § 416.987(b). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry, except for skipping the first step (as appropriate in these types of redetermination cases). See Tr. at 20-29. Prior to the inquiry, the ALJ determined that Plaintiff

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 4 -

"attained age 18 on May 16, 2018, and was eligible for [SSI] benefits as a child for the month preceding the month in which he attained age 18." Tr. at 20. The ALJ stated Plaintiff "was notified that he was no longer disabled as of September 7, 2018, based on a redetermination of disability under the rules for adults who file new applications." Tr. at 20.

At step two, the ALJ found that "[s]ince September 7, 2018, [Plaintiff] has had the following severe impairments: anxiety, [ADHD], Asperger's syndrome, asthma, and obesity." Tr. at 20 (emphasis and citation omitted). At step three, the ALJ ascertained that "[s]ince September 7, 2018, [Plaintiff] did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

The ALJ determined that Plaintiff has had the following residual functional capacity ("RFC") since September 7, 2018:

> [Plaintiff can] perform a full range of work at all exertional levels but with the following nonexertional limitations: avoid concentrated exposure to cold and heat; avoid concentrated exposure to fumes, odors, dusts, gasses, and pulmonary irritants; interaction with others is limited to occasional, and is limited to jobs in which the focus of the work is with things rather than people; no interaction with the general public; is limited to low stress work, meaning the work would be precluded from requiring any arbitration, negotiation, confrontation, conflict resolution, directing the work of others, or being responsible for the safety and welfare of others as the primary function of the job.

Tr. at 22-23 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 28 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("a younger individual age 18-49"), education ("at least a high school education"), lack of work experience, and RFC, the ALJ relied on the VE's testimony and found that "[s]ince September 7, 2018, . . . there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Hand packager," "Linen room attendant," and "Laundry worker I," Tr. at 28-29 (some emphasis and citation omitted). The ALJ concluded Plaintiff's "disability ended on September 7, 2018, and [he] has not become disabled again since that date." Tr. at 29 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff argues the ALJ erred at step five by failing to comply with SSR 00-4P when there was a conflict between the VE's testimony and the DOT. Pl.'s Mem. at 3-7. According to Plaintiff, two of the three jobs identified by the VE are in conflict with the DOT because Plaintiff's RFC contains a directive to "avoid concentrated exposure to fumes, odors, dust, gases, and pulmonary irritants," Tr. at 22, but the hand packager job requires frequent exposure to extreme heat and atmospheric conditions, and the linen room attendant job requires occasional exposure to extreme heat. Id. at 4-6. Responding, Defendant

argues there is no apparent conflict between these jobs and the DOT. Def.'s Mem. at 5-10.

At step five in the sequential inquiry, "the ALJ must determine if there is other work available in significant numbers in the national economy that the claimant has the ability to perform." Phillips, 357 F.3d at 1239. To make this determination, the ALJ may pose a hypothetical question to a VE. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)); see also Zimmer v. Comm'r of Soc. Sec., 211 F. App'x 819, 820 (11th Cir. 2006) (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir.1999) ("An ALJ relies on the testimony of a [VE] to determine what level of skill the claimant achieved in his [or her] past work, whether the claimant has transferable skills, and whether the claimant can perform other jobs.")). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Wilson, 284 F.3d at 1227 (citing Jones, 190 F.3d at 1229).

If there are "apparent conflicts" between a VE's testimony and the DOT, the ALJ must identify them, "ask the VE about them, and explain how the conflict was resolved in the ALJ's . . . [D]ecision." Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1365 (11th Cir. 2018); see also SSR 00-4P, 2000 WL 1898704, at *2; Viverette v. Comm'r of Soc. Sec., 13 F.4th 1309, 1318 (11th Cir. 2021). The ALJ is required to "articulate specific jobs" that exist in the national

economy "that the claimant can perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted).

Here, the ALJ asked the VE about the jobs that can be performed by an individual with Plaintiff's age, education, and ultimate RFC. See Tr. at 76-78. The VE testified that Plaintiff can perform the jobs of "hand packager," with "approximately . . . 109,000 jobs" in the national economy; "linen room attendant," with "approximately . . . 10,000" jobs in the national economy; and "laundry worker one," with "approximately . . . 8,500" jobs in the national economy. Tr. at 77; see Tr. at 78. In the written Decision, the ALJ adopted the ALJ's testimony, finding that Plaintiff can perform the representative jobs and at the articulated numbers. Tr. at 29.

Assuming without deciding that Plaintiff has identified an unresolved, apparent conflict between the VE's testimony and the DOT regarding the first job,[7] he has not shown one as to the second and has not even attempted to identify one as to the third. See Pl.'s Mem. at 6. As for the second job, Plaintiff simply fails to identify an apparent, unresolved conflict between a requirement to avoid concentrated exposure to heat and the linen room attendant job

---

[7] At least one court recently has found there is an apparent conflict between a requirement to avoid concentrated exposure to extreme heat and the hand packager job requiring frequent exposure to it. See Vrdoljak v. Kijakazi, 665 F. Supp. 3d 923, 929 (N.D. Ill. 2023).

requirements. Plaintiff contends the linen room attendant job requires "occasional exposure to extreme heat," Pl.'s Mem. at 5, but Plaintiff's own print out of the job description states that exposure to weather, extreme cold and heat, and humidity are "Not present," see id. at Ex. 2; 1991 WL 672098, DOT 222.387-030.

Plaintiff argues that the Court should apply Viverette to find that the ALJ's step five findings are not supported by substantial evidence if the potentially problematic first job is excised. Pl.'s Mem. at 6-7. In Viverette, when an ALJ "apparently treated . . . cumulatively" three different jobs "for purposes of the 'significant numbers' determination," the Eleventh Circuit was "hesitant to make any factual determinations about whether [two untainted jobs] exist in significant numbers in the national economy" after one job was removed for error in the VE's testimony. Viverette, 13 F.4th at 1318. There, the ALJ "based her finding of fact on the VE's testimony about a total number of 125,000 jobs, without considering an apparent conflict that affected 104,000 of those jobs." Id. Moreover, the VE on cross examination in Viverette potentially included in the jobs numbers certain positions that were precluded by that claimant's abilities. Id. at 1319. Accordingly, the Eleventh Circuit reversed and remanded for additional consideration at step five. Id.

Here, however, the ALJ made specific numbers findings for each representative job. Although the ALJ did not explicitly find each job singularly

constituted employment in significant numbers in the national economy, the ALJ's use of the phrase "representative occupations such as" prior to the findings, combined with the specific parsing of each job and its numbers available in the national economy, shows the ALJ relied on the jobs either singularly or in combination. Tr. at 29; compare Viverette, 13 F.4th at 1318-19. The unaffected linen room attendant and laundry worker I jobs identified by the VE, at 18,500 jobs (cumulative) available nationally, provide substantial evidence upon which to uphold the step-five finding. See, e.g., Atha v. Comm'r, Soc. Sec., 616 F. App'x 931, 935 (11th Cir. 2015) (finding supported by substantial evidence at step five 23,800 jobs nationally available). The ALJ did not reversibly err at step five.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 14, 2025.

                                    _____
                                    JAMES R. KLINDT
                                    United States Magistrate Judge

kaw
Copies to:
Counsel of Record